ADIN B. HORTON, Appt., *vs.* AUGUSTUS F. AMORAL.

DECEMBER 19, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Exceptions. Time for Filing Transcript and Bill.*

Under the provisions of the statutes relative to prosecuting a bill of exceptions, the transcript of evidence and bill of exceptions are to be filed together in

the first instance; but in case of an extention of time for filing the transcript, the bill of exceptions need not be filed at the same time as the transcript, but within ten days thereafter; and it is not a jurisdictional requirement, in the prosecution of a bill of exceptions, that the filing of the transcript, should be prior to the time fixed by the court for the filing of the bill.

An order was made "Transcript of evidence etc., to be made and delivered by stenographer to party ordering same or his attorney of record, and to be filed in clerk's office on or before May 12, 1910. Bill of exceptions to be filed in clerk's office on or before May 21, 1910. May 21 the bill and transcript were filed.

*Held,* properly filed.

TROVER.   Heard on motion of defendant to dismiss plaintiff's bill of exceptions, and denied.

DUBOIS, C. J.   This is an action of the case on trover and conversion originally brought in a District Court and thence taken to the Superior Court upon a claim for a jury trial. Upon trial before a jury, the justice there presiding ruled that the appellant's claim for damages for the conversion of hay and straw should be excluded from the jury, and the appellant thereupon duly took an exception to said ruling.   Within seven days after the rendition of the verdict in the case the plaintiff gave notice of his intention to prosecute a bill of exceptions to this court, and moved the Superior Court to fix the time within which he should file his bill of exceptions, transcript of evidence, etc.   Whereupon another justice of the Superior Court, in the absence of the trial justice aforesaid, signed the following order:   "Transcript of evidence, etc., to be made and delivered by stenographer to party ordering same or his attorney of record *and to be filed in clerk's office* on or before May 12th A. D. 1910.   Bill of exceptions to be filed in clerk's office on or before May 21, A. D. 1910."   On the twenty-first day of May the bill of exceptions and transcript were filed in the clerk's office.   On May 27, the bill of exceptions, transcript, etc., were allowed and certified to this court.   On September 27, 1910, the defendant filed in the office of the clerk of this court his motion to dismiss the plaintiff's bill of exceptions on the ground that the plaintiff did not file in the office of the clerk of the Superior Court a transcript of the testimony within the time limited by said court for filing the

same. This presents the following question for our determination: Does the statute contemplate as a jurisdictional requirement in the prosecution of a bill of exceptions, in a case where a transcript of evidence is necessary, the filing of the transcript of testimony in the clerk's office at a time prior to the time fixed by the court for the filing of the bill of exceptions, the time so fixed being not later than fifty days after the filing of notice of intention to prosecute a bill of exceptions?

Gen. Laws, 1909, cap. 298, § 17, reads as follows: "Any person or party who has taken exceptions in the superior court, may prosecute a bill of exceptions to the supreme court by taking the following procedure:

"*First.* Within seven days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven days after notice of decision thereon, he shall file in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court together with a written request to the court stenographer for a transcript of so much of the testimony as may be required, and shall deposit with the clerk the estimated fees for transcribing such testimony as may be required. The filing of such notice and making of such deposit shall stay judgment or sentence until further order of the court;

"*Second.* Within such time as the court shall fix, not later than fifty days after filing notice of intention to prosecute a bill of exceptions, or within ten days after the expiration of such extended time as is provided by section four, chapter two hundred and seventy-eight for filing a transcript of the evidence, he shall file in the office of the clerk of the superior court his bill of exceptions, in which he shall state separately and clearly the exceptions relied upon; but no exception shall be stated therein to any ruling or decision upon any question of law theretofore certified to and decided by the supreme court in the cause. If exceptions shall be founded upon evidence and rulings thereon, or upon findings or decision of the court, or to the instructions of the court to the jury, or to a decision upon a motion for a new trial on the ground that the verdict is against the evidence or the weight of evidence or for newly

·discovered evidence, he shall file in the office of the clerk, with his bill of exceptions, a transcript of the evidence and the rulings thereon, and of the instructions to the jury, or so much thereof as may be necessary for determination of the exceptions. Notice of the filing of such bill of exceptions shall not be required"; and cap. 278, sections 3 and 4 read as follows: "SEC. 3. Such stenographers shall report stenographically the proceedings in the trial of every action or proceeding, civil or ·criminal, in the superior court, and shall receive as compensation therefor a sum not exceeding six dollars per day, to be allowed by said court and paid by the general treasurer upon the order of the state auditor. Each stenographer shall also, upon the order of any justice of the court, transcribe his report to be filed with the papers in the case, and shall receive a reasonable compensation therefor, not exceeding ten cents for ·each one hundred words thereof, to be allowed by such justice and to be paid in the manner aforesaid. He shall also make a transcript of the whole or any part of such report upon the written request, filed with the clerk by either party to such ·action or proceeding, and when completed, and within the time limited by the court for filing the same, but not later than forty ·days from the date of such request, except as provided in section four of this chapter, shall immediately deliver the same to the party ordering it or to the attorney of record of said party, and for such service shall be paid a reasonable compensation, not exceeding ten cents for each one hundred words thereof, to be allowed by the court, and in case the transcript is used in subsequent proceedings in said cause the cost of the same may be allowed as a part of the costs.

"SEC. 4. In case of sickness or other disability of the court stenographer who made the report of the evidence and rulings, or for other causes, the superior court may, on motion therefor, and with or without notice, grant an extension of time for filing a transcript of the evidence and rulings beyond the period of forty days allowed by the preceding section."

The provisions of section 17 aforesaid are identical with those of C. P. A., § 490, with the exception of the concluding sentence concerning notice, and said sections 3 and 4 are respectively

the same as C. P. A., §§ 71 and 72, all of which were construed by this court in the case of *Baker* v. *Tyler*, 28 R. I. 152, wherein the process of prosecuting a bill of exceptions accompanied by a transcript of evidence is analyzed (p. 155) as follows:

"*First.* The party files in the clerk's office his notice and motion and request for the transcript of evidence (sections 71 and 490). Next, the court in answer to his motion fixes a time, not more than fifty days in the future, at which the party must file in the clerk's office his bill and transcript (section 490). By section 71 it is made the duty of the stenographer to deliver the transcript to the party or his attorney within the time fixed for the party to file it, but in no case later than forty days from the filing of the request. No act of the court is required to direct the stenographer. The statute defines his duty when the court has fixed the time within which the party must act.

"This is the ordinary and normal course of procedure contemplated by the statute, and there is no provision in any case by which the court can directly extend the time for filing the bill of exceptions beyond fifty days from the date of the notice. It may, however, often be impossible to procure the transcript for filing within the fifty days or the period fixed, and section 72 is designed to remedy this difficulty. It gives the court the power, for cause, to grant an extension of time for filing the transcript beyond the time originally fixed.

"When an extension of time for filing the transcript is given, the statute again, without action by the court, fixes the time for filing the bill of exceptions within ten days from the expiration of the extended time to file the transcript.

"In the case at bar the application of the party was duly made to the court, and thereupon the court, instead of fixing the time for filing the bill of exceptions and the transcript of evidence, or extending the time for filing the transcript, which would have automatically fixed the time for filing the bill of exceptions, filled out an order to stenographer to deliver the transcript to the party at a certain day. This order is not the order required by the statute, and is not a performance of the duty which the statute imposes upon the court."

(1)    It is perfectly clear that in the first instance the time to be fixed for filing the bill of exceptions and transcript of evidence must be the same, because the statute requires of the party that "he shall file in the office of the clerk, with his bill of exceptions, a transcript of the evidence and the rulings thereon, and of the instructions to the jury, or so much thereof as may be necessary for determination of the exceptions." They are to be filed together in the first instance, but in case of an extension of the time for filing the transcript, that is, a time beyond that originally fixed for the filing of the bill of exceptions, in such case of extension the bill of exceptions need not be filed at the same time as the transcript, but within ten days thereafter. Whatever confusion there may be in reference to the matter arises from the language used in section 4 aforesaid: "the superior court may . . . . grant an extension of time for filing a transcript of the evidence and rulings beyond the period of forty days allowed by the preceding section." The provisions of the preceding section (section 3), relative to the forty days, require the stenographer, upon written request by either party to make a transcript, and when the same is completed, and within the time limited by the court for filing the same, but not later than forty days from the date of such request, except as provided in section four of the chapter, to immediately deliver the same to the party ordering it or to his attorney of record. If, for example, under said section 17 the court should select the forty-ninth day after the filing of the notice of intention to prosecute a bill of exceptions as the time for the party to file the bill of exceptions, etc., that day would be the time limited by the court for filing the transcript, but under said section 3 the stenographer must make, complete, and deliver the transcript to the party or his attorney within forty days from the date of the written request filed with the clerk for the same. The stenographer is not required to file the transcript, that is not a duty cast upon him by the statute. Nor does the statute require any person to file the transcript ahead of the bill of exceptions within a period of fifty days after the filing of the notice of intention to prosecute a bill of excep-

tions. The benefit to be derived from this unnecessary filing is not readily perceptible. The party to whom it is delivered, or his attorney, needs the transcript to use in the preparation of his bill of exceptions. The adverse party has no need of it at that time, nor has the court. A requirement that the party shall file it the same day that he receives it, coupled with the express or implied permission that he may forthwith take it out again, bearing the file-mark of the clerk, would seem to be an unnecessary ceremony that would merely furnish proof of the time of the filing of the transcript by the party or his attorney, and incidental proof of the date of its delivery by the stenographer, who might easily protect himself and accomplish the same result by taking a receipt for the same. As the statute does not contain any provision for such antecedent filing of the transcript, it cannot be said to be a legal requirement. As the requirement was unnecessary, it can be disregarded without detriment to the rights of the parties.

As the plaintiff has complied with the statute in filing his bill of exceptions and transcript at the time and in the manner that he did, the motion to dismiss the same must be denied.

*Page & Cushing and James F. McCartin,* for plaintiff.
*Thomas A. Carroll, Walter P. Suesman,* for defendant.